UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BERNARD BELL, | No. 2:16-cv-1887 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| ROSALYN GARDNER, | |
| Defendant. | |

I. Introduction

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 13.) This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1 | exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2 | II. <u>Screening Standard</u>

3 |     The court is required to screen complaints brought by prisoners seeking relief against a
4 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5 | court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 | monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8 |     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 | <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
10 | Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 | indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
12 | 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 | pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
14 | Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

15 |     In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 | "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 | of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,
18 | "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 | statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20 | upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A
21 | claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 | the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S.
23 | at 678. When considering whether a complaint states a claim upon which relief can be granted,
24 | the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007),
25 | and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416
26 | U.S. 232, 236 (1974).

27 | ////

28 | ////

III. Discussion

Plaintiff alleges that defendant Gardner, a nurse at California Health Care Facility, retaliated against him for protected activity in violation of the First Amendment.

Plaintiff alleges that, on July 30, 2015, he was waiting to receive medication when defendant used abusive and disrespectful language toward him. (ECF No. 1 at 9-10.) Plaintiff informed defendant that he was going to file a staff complaint about her. (Id. at 10.) A week later, defendant wrote a CDCR 115 Rules Violation Report stating that plaintiff had been overfamiliar, along with three CDCR 128B informational chronos stating that plaintiff made comments about her breasts. (Id. at 11.) Plaintiff contends that defendant's statements were untrue and made for retaliatory purposes. On September 16, 2015, plaintiff was found guilty of the overfamiliarity charge in a disciplinary proceeding and lost 30 days' credits, and the three informational chronos were placed in his central file. (Id. at 12-14.)

To establish a claim for retaliation, a prisoner must show that a prison official took some adverse action against an inmate because of that prisoner's protected conduct, that the action chilled the inmate's exercise of his constitutional rights, and the action did not advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Here, as plaintiff was found guilty of the disciplinary charge of overfamiliarity, it appears that defendant's chronos served a legitimate correctional goal. It further appears that this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486–487. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily

demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).

If plaintiff prevails on his retaliation claim based on defendant's allegedly false statements, a judgment in his favor will necessarily imply the invalidity of his disciplinary conviction and any resulting credit loss. See Edwards, 520 U.S. at 644, 647. Consequently, plaintiff's §1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required by Heck and Edwards.[1]

Thus the complaint will be dismissed. Plaintiff will be granted one opportunity to amend the complaint in order to show that the disciplinary conviction that is the subject of this action has been invalidated, or any other reason why the Heck bar does not apply.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

---

[1] Plaintiff is advised that prison inmates may challenge disciplinary convictions resulting in loss of credits in a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254. An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:
 1) Advance written notice of the charges;
 2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;
 3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and
 4) That the findings of the prison disciplinary board be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2 & 3) are granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The complaint is dismissed without prejudice;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 13, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /bell1887.14.new